UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STERLING JOHNSON,
    Plaintiff,

vs.                                                             08-1183

TIFFANY REALTORS, et al.
    Defendants.

## MERIT REVIEW ORDER

       This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

       The pro se plaintiff, Sterling Johnson, filed this lawsuit pursuant to 42 U.S.C. §1983 against one defendant: Tiffany Realtors. The plaintiff says a warrant had been issued for his arrest and on March 26, 2006 he was arrested at his father's apartment. The police asked the plaintiff's landlord for the keys to his apartment, and the landlord complied. It is not clear from the complaint, but apparently the plaintiff lived in the same apartment complex as his father.

       The plaintiff says the landlord had no right to allow the police into his apartment since the police did not have search warrant or probable cause. Two days later, the plaintiff says police came to his cell and told him that a safe belonging to him was found in a park. The plaintiff says the safe must have been taken during the search and all of his belonging that were in the safe were missing. The plaintiff is asking for compensation for his missing items. The plaintiff is also asking for damages "from losing my apartment while in custody." (Comp, p. 10)

       There are several problems with the plaintiff's complaint, but before the court can address the merits of the plaintiff's claims it notes that the plaintiff has waited too long to file his lawsuit. The plaintiff faces a two year statue of limitations period. *See Wilson v. Garcia,* 421 U.S. 261, 180 (1985); *see also Kelly v. City of Chicago,* 4 F.3d 509, 511 (7th Cir. 1992). In this case, the plaintiff knew about the search on March 26, 2006 and knew about his missing property on March 28, 2006. Nonetheless, he did not file this complaint until July 24, 2008. Therefore, the plaintiff's claims are barred by the two year statute of limitations period.

       The court notes the plaintiff filed another lawsuit involving the loss of his property. *See Johnson v. McCollum,* Case No. 08-1195. In his other lawsuit, the plaintiff sued the police officers for violating his Fourth Amendment rights when they entered his apartment. The defendants correctly pointed out that the plaintiff had waited too long to file his complaint.

1

**IT IS THEREFORE ORDERED:**

1) The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. The plaintiff's case is barred by the two year statute of limitations period. The case is closed, with the parties to bear their own costs.

2) The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.

3) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

4) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

5) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this 8th day of October, 2010.

_____s/Harold A. Baker_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE